UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

FILED

02 JAN 30 PM 4:00

U.S. DISTRICT COURT
N.D OF ALABAMA

MELINDA CARROLL, JO ANN CONNELL,  )
GINGER EDGAR, MARTHA HALL,        )
BRENDA HOPE, VIRGINIA ROBERTS,    )
and MELANIE TODD,                 )
                                  )
    Plaintiffs,                   )
                                  )
vs.                               )        Civil Action No. CV-01-S-2676-S
                                  )
WILLIS, INC. & WILLIS OF BIRMINGHAM, )
INC., & WILLIS CORROON CORP., WILLIS )
OF NORTH AMERICA, WILLIS OF       )
MOBILE, INC., WILLIS CORROON GROUP, )
AND ANY SUCCESSORS IN INTEREST,   )
                                  )
    Defendants.                   )

ENTERED

JAN 30 2002

## MEMORANDUM OPINION

This action is before the court on *seven* motions: **(i)** the motion of defendant "Willis North

America Inc., formerly known as Willis Corroon Corporation (hereinafter 'Willis North America

Inc.')" to dismiss all claims asserted against it by plaintiffs Melinda Carroll, Martha Hall, and

Brenda Hope in the original and first amended complaints pursuant to Federal Rules of Civil

Procedure 12(b)(2), (4) and (5) (doc. no. 10); **(ii)** the motion of defendant Willis North America Inc.

to dismiss all claims asserted against it by plaintiffs Melinda Carroll, JoAnn Connell, Melanie

Edgar, Martha Hall, Brenda Hope, Virginia Roberts, and Melanie Todd in the original, first, second,

and third amended complaints pursuant to the same Rules (*see* doc. no. 20); **(iii)** the motion of

defendant Willis Corroon Group PLC to dismiss all claims asserted against it by any plaintiff in any

complaint pursuant to the same Rules (*see* doc. no. 21); **(iv)** plaintiffs' motion to voluntarily dismiss

all claims asserted against the entity described as "Willis, Inc." on the ground that "[p]laintiffs have

discovered there is no such legal entity ..." (doc. no. 26); **(v)** the motion of defendant Willis of

Mobile, Inc. to dismiss all claims asserted against it by plaintiffs JoAnn Connell, Ginger Edgar, and

Melanie Todd pursuant to Rule 12(b)(3) and 28 U.S.C. § 1406(a) or, in the alternative, to transfer

such claims to the Southern District of Alabama pursuant to 28 U.S.C. §§ 1404(a), 1406(a), on

grounds of forum *non conveniens* (*see* doc. no. 27); **(vi)** the motion of defendants Willis of

Birmingham, Inc. and Willis of Mobile, Inc. "to sever pursuant to Rule 21 or, in the alternative, ...

to separate under Rule 42(b) ... and order three (3) separate trials as to the seven (7) Plaintiffs"[1] (doc.

no. 28); and **(vii)** the motion of defendants Willis of Birmingham, Inc. and Willis of Mobile, Inc.

to strike plaintiffs' so-called "Amended Second Amendment to Plaintiff's Complaint" for failure

to comply with Rule 15(a) or, in the alternative, to dismiss pursuant to Rule 12(b)(3) (*see* doc. no.

31).

## I. PROCEDURAL HISTORY

Melinda Carroll commenced this action on October 22, 2001, alleging federal and state law

claims.  Since then, the number of parties and claims have proliferated without apparent rhyme,

reason, or attention to the Federal Rules of Civil Procedure.  It has not been an easy task to impose

order on the flurry of pleadings filed by plaintiffs' counsel.  The following attempt might provide

the basis for a useful law school discussion on how *not* to plead a case.

---

[1]Federal Rule of Civil Procedure 21, pertaining to "Misjoinder and Non-Joinder of Parties," provides that:

> Misjoinder of parties is not ground for dismissal of an action.  Parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just.  Any claim against a party may be severed and proceeded with separately.

Rule 42, pertaining to consolidation of actions and separate trials, provides in subsection (b) that:

> The court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim, cross-claim, counterclaim, or third-party claim, or of any separate issue or of any number of claims, cross-claims, counterclaims, third-party claims, or issues, always preserving inviolate the right of trial by jury as declared by the Seventh Amendment to the Constitution or as given by a statute of the United States.

## A.   The Original Complaint

The caption[2] of Melinda Carroll's original complaint specifically named four entities as defendants: *i.e.*, "Willis, Inc., & Willis of Birmingham, Inc., & Willis Corroon Corporation, Willis of North America, and any successors in interest, *Defendant*." (Doc. no. 1, at 1 (emphasis supplied).)

It is important to observe, however, that the only entity specifically identified in the text of the complaint itself was Willis of Birmingham, Inc.:  "Defendant, Willis of Birmingham, Inc. (hereinafter referred to as 'Willis'), is an Alabama corporation doing business in Jefferson County, Alabama." (*Id.* ¶ 5.)

Moreover, Carroll's EEOC charge (attached to her complaint as Exhibit 1) avers that Willis of Birmingham, Inc. was her former employer.

Furthermore, even though Carroll used the plural term "defendant*s*" in one paragraph of her complaint,[3] when stating her various claims she elsewhere employed either the singular form of that word,[4] or the word "Willis," which she specifically stated in paragraph 5 was an abbreviation for

---

[2]The term "caption" refers to "[t]he introductory part of a court paper stating the names of the parties, the name of the court, the docket or file number, and the title of the action." Bryan A. Garner (ed.), Black's Law Dictionary 203 (7th ed. 1999).

> Every pleading shall contain a caption setting forth the name of the court, the title of the action, the file number, and a designation as in Rule 7(a). *In the complaint the title of the action shall include the names of all the parties*, but in other pleadings it is sufficient to state the name of the first party on each side with an appropriate indication of other parties [*e.g.*, "*et al.*"].

Federal Rule of Civil Procedure 10(a) (emphasis supplied).

[3]*See* complaint (doc. no. 1) ¶ 7, at 2, reading as follows:

> 7.  This is an action to redress grievances resulting from acts of *Defendants*, their agents, servants, and employees with respect to Plaintiff's employment; and for a permanent injunction restraining *Defendants* from maintaining a policy and practice of discriminating against the Plaintiff and other persons similar situated on account of gender, age, and retaliation. [Emphasis supplied.]

[4]The word "defendant," or its plural form "defendants," may be variously used as nouns (*e.g.*, the one(s) against whom an action is brought), or as adjectives (*e.g.*, defendant Willis of Birmingham, Inc.), or as postpositive adjectives (*see* Bryan A. Garner, A Dictionary of Modern Legal Usage 256 (2nd ed. 1995)).

3

"Willis of Birmingham, Inc." For example, she alleged in paragraph 13:

> 13. Melinda Carroll, who is fifty (50) years of age, was hired by *Willis* on March 20, 1990, as a [sic] Account Executive of the Employee Benefits Department. At the time of her termination, Plaintiff was paid a salary and expenses plus incentive pay. During Plaintiff's employment with *Defendant*, Plaintiff had her insurance license through the states of Alabama, Mississippi, Louisiana, Florida, Georgia, South Carolina, Arkansas, and Tennessee. [Emphasis supplied.]

(*See also id.* ¶¶ 1, 4 – 6, 14, 19, 21 – 22, 29 – 30, 33 – 36, 39, 44 – 46, 49 – 50, 55 – 57, 60, 65, 67 – 70, 77, 80 – 81, 83 – 85, and concluding paragraphs A – D.)

Moreover, Ms. Carroll alleged that she sought to "redress violations by *the defendant* of the Plaintiff's rights secured by: a) *Title VII of the Civil Rights Act of 1964*, as amended, 42 U.S.C. 2000e, *et seq.*; and b) *The Equal Pay Act* ('EPA'), 29 U.S.C. Section 206(d). [sic] c) The laws of the State of Alabama." (Complaint (doc. no. 1) ¶ 1, at 1 (emphasis added).)

In point of fact, however, the federal claims stated by Ms. Carroll rest not just upon Title VII and the Equal Pay Act, but also the Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C. §§ 621 – 634. Count One asserts a Title VII claim for disparate treatment on the basis of plaintiff's gender, Count Two states an age discrimination claim under the ADEA, Count Four alleges claims for sexual harassment of plaintiff by her immediate supervisor, as well as alleged exposure to a sexually hostile work environment, Count Six states a claim under the Equal Pay Act, and Count Seven asserts a retaliation claim pursuant to the opposition clause of 42 U.S.C. § 2000e-3(a) for "complaining to *Defendant* about the sexual harassment,"[5] although the statutory basis for that claim is not specifically stated. The remaining two counts of the original complaint are based upon state law: *i.e.*, Count Three states that "Defendant" violated Alabama's statutory prohibitions against age discrimination by employers (*see* Ala. Code §§ 25-1-20 – 25-1-40 (1975)

---

[5]Complaint (doc. no. 1) ¶ 81, at 15 (emphasis supplied).

(2000 Replacement Vol.)); and Court Five is for "defendant's" (singular possessive) negligent training, supervision, and retention of plaintiff's harassing supervisor.

### 1.    Request for service of original complaint by certified mail

Plaintiff requested that the clerk serve the following entities by certified mail:  Willis, Inc., at 26 Century Boulevard, Nashville, Tennessee 37214; Willis Corroon, at the same Nashville address; Willis of North America, at the same Nashville address; and Willis of Birmingham, Inc., at 800 Shades Creek Parkway, Suite 600C, Birmingham, Alabama 35209.  (*See* doc. no. 2 and following summons.)  Summons and copies of the complaint were mailed to those entities by the clerk on October 24, 2001.  (*Id.*)

### B.    First Amendment to Complaint

The following day, October 25, 2001, the "First Amendment to Plaintiff's Complaint" was filed. (Doc. no. 3.)  It added two persons, Martha Hall and Brenda Hope, as plaintiffs to the action. Hall and Hope assert age discrimination claims under both the federal ADEA and Alabama's statutory variant, and, a state law claim for negligent training, supervision, and retention of supervisory employees.[6]  In addition, Hall alleged a claim under Title VII for disparate treatment on the basis of her gender.

Two aspects of the caption to the first amendment to the complaint are worthy of comment. First, only the name of Melinda Carroll and the word "Plaintiff" were typed; Hall and Hope were omitted.  Second, the same entities that had been listed as defendants in the caption to the original complaint were named in the amended pleading:  *i.e.*, "Willis, Inc., & Willis of Birmingham, Inc.,

---

[6]*Nota bene* that the negligent training, supervision, and retention claims asserted by plaintiffs Hall and Hope are directed at three supervisors and coworkers, whereas the claim of the original plaintiff, Melinda Carroll, is directed at four supervisors and coworkers — only one of whom is common to Hall and Hope's claims.

& Willis Corroon Corporation, Willis of North America, and any successors in interest, *Defendant.*"
(*Id.* at 1 (emphasis supplied).)

As with the original complaint, however, the only entity specifically identified in the first amendment to the complaint was Willis of Birmingham, Inc.: "Defendant, Willis of Birmingham, Inc. (hereinafter referred to as 'Willis'), is an Alabama corporation doing business in Jefferson County, Alabama." (*Id.* ¶ 4, at 1-2.)

Further, the copies of EEOC charges attached to the first amendment to the complaint aver that Willis of Birmingham, Inc. was the former employer of both Martha Hall and Brenda Hope.

Moreover, even though the plural term "defendants" is used more often than in the original complaint (*see id.* ¶¶ 1-3, 30-32, 36, 42-44, 47, and concluding paragraphs 1-3), plaintiffs equally employed either the singular "defendant," or the word "Willis" — which, as noted above, specifically was used as an abbreviation for Willis of Birmingham, Inc. (*See id.* ¶¶ 9, 15, 17-18, 20-21, 24, 35, 48-51, 55-56, 58-61).

The most perplexing aspect of the so-called "First Amendment to Plaintiff's Complaint," however, lies in these facts: even though the name of Melinda Carroll is typed in the caption as "Plaintiff," *and*, even though there is an inept attempt to describe her in the first paragraph,[7] *Ms.*

---

[7] *See* doc. no. 3 ("First Amendment to Plaintiff's Complaint") ¶¶ 1-3, at 1, providing that:

1. Plaintiff, *Melinda Carroll*, (hereinafter "*Carroll*"), is a female over the age of forty (40), and a resident citizen of Jefferson County, Alabama. **Hall** [sic] was employed by *Defendants* when the actions of which she complains took place.

2. Plaintiff, *Brenda Hope*, (hereinafter "*Hope*"), is a female over the age of forty (40), and a resident citizen of Jefferson County, Alabama. **Hall** [sic] was employed by *Defendants* when the actions of which she complains took place.

3. Plaintiff, *Martha Hall*, (herinafter "*Hall*"), is a female over the age of forty (40), and a resident citizen of Jefferson County, Alabama. *Hall* was employed by *Defendants* when the actions of which she complains took place. [Emphasis supplied.]

*Carroll is never mentioned again in the text of the first amendment to the complaint, nor are the claims alleged on her behalf in the original complaint specifically adopted by reference. See* Fed. R. Civ. P. 10(c) ("Statements in a pleading may be adopted by reference in a different part of the same pleading *or in another pleading* or in any motion. A copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes.") (emphasis supplied). Compare, for example, the complete omission of any reference to Carroll's claims in this pleading to the following statement found in plaintiffs' second and fourth amended complaints discussed *infra*:

> Plaintiffs, Carroll, Hope, and Hall reallege all material allegations of the original Complaint in paragraphs 1 through 86, and paragraphs 1 through 62 of the Amended Complaint as if fully set out herein. Plaintiffs, Ginger Edgar, Virginia Roberts, JoAnn Connell and Melanie Todd state their claims as follows: ....

(Doc. no. 14 ¶ 5, at 2; *see also* doc. no. 24 ¶ 5, at 2 (same).) Thus, unless the original and "First Amendment to Plaintiff's Complaint" are read *together*, as two parts of but one pleading, it follows that plaintiffs' counsel omitted the claims of the original plaintiff when attempting to amend the original complaint to add claims on behalf of plaintiffs Hall and Hope.

### 1.   Service of process

The next actions recorded in the official court file are the returns of service of summons and complaints by certified mail upon the following entities on the dates noted: Willis of Birmingham, Inc. on October 29, 2001 (doc. no. 4); Willis, Inc. and Willis Corroon on unstated date of delivery, but entered on October 31, 2001 (doc. no. 5); and, Willis of North America on unstated date of delivery, but entered on November 5, 2001 (doc. no. 6).

Apparently, the foregoing postal receipts reflect service of the *original* complaint, because the next documents recorded in the official court file are the following postal returns, which this court *assumes* represent service of summons and copies of the "First Amendment to Plaintiff's

7

Complaint" upon the entities listed (*although there is no proof of such an assumption*):  Willis of

Birmingham on November 9, 2001 (doc. no. 7); Willis Corroon on November 13, 2001 (doc. no. 8);

and, Willis, Inc. and Willis of North America on November 13, 2001 (doc. no. 9).

**C.    First Motion to Dismiss Filed by Willis North America Inc.**

A *motion to dismiss* the claims asserted by plaintiffs Melinda Carroll, Martha Hall, and

Brenda Hope in the original and first amendment to the complaint was filed on November 19, 2001

by "Willis North America, Inc., formerly known as Willis Corroon Corporation (hereinafter 'Willis

North America Inc.')."  (Doc. no. 10.)  The motion alleged that the three named plaintiffs had

> incorrectly named several corporate defendants in this case.  These incorrectly
> named corporate defendants, even if correctly named and served, would not be
> proper defendants to this action and, thus, are the subject of this Motion to Dismiss.
> *Plaintiffs were each employed by Willis of Birmingham, Inc., formerly known as
> "Willis Corroon Corporation of Birmingham."*  Plaintiffs incorrectly named "Willis
> *of* North America" as a Defendant.  Upon information and belief, Plaintiffs intended
> to name Willis North America *Inc.*[,] which was formerly known as "Willis Corroon
> Corporation."  This Motion to Dismiss is filed on behalf of Willis North America
> *Inc.*[,] formerly known as "Willis Corroon Corporation."  *There is no legal entity
> called "Willis, Inc."* ....

(*Id.* at 1 n.1 (emphasis supplied).)  The motion further alleged that the three named plaintiffs had

> failed to plead or allege any jurisdictional facts regarding Willis North America Inc.
> in the Complaint or First Amended Complaint.  The complete absence of any factual
> allegations establishing Willis North America Inc.'s contact with the State of
> Alabama requires its dismissal from this action for lack of personal jurisdiction.

(*Id.* at 2.)  The motion was based upon Federal Rules of Civil Procedure 12(b)(2), (4) and (5)

(providing in the parts here pertinent that "the following defenses may at the option of the pleader

be made by motion:  ... (2) lack of jurisdiction over the person, ... (4) insufficiency of process, (5)

insufficiency of service of process ...").

Plaintiffs responded to the motion on November 30, 2001, saying that Willis North America

Inc. was "the parent company" of all other entities named as defendants, and that "[t]he key and final decision makers in this case are employed with Willis North America in Nashville, Tennessee": *e.g.*, "[a]ll final human resource decisions were handled through Willis North America in Nashville, Tennessee." (Doc. no. 13 ¶¶ 2, 3, and 5.)  That may be true, but plaintiffs had not pled it in either the original or first amendment to the complaint.  Further, as shall be seen, plaintiffs did not plead such allegations in any subsequent complaint.

## D.    Second Amendment to the Complaint

On December 10, 2001, plaintiffs Carroll, Hall, and Hope — purporting to act "pursuant to Rule 20 of the Federal Rules of Civil Procedure"[8] — filed a so-called "Second Amendment to Plaintiff's [sic] Complaint," by the terms of which they sought to

> amend and incorporate their original and First Amended Complaint by joining parties, Ginger Edgar, Virginia Roberts, JoAnn Connell, and Melanie Todd, who assert their claims arise out of the same occurrences, series of transactions, and facts common to Plaintiffs Melinda Carroll, Brenda Hope and Martha Hall's cause of action.

(Doc. no. 14, at 1.)  These four new plaintiffs asserted only age discrimination claims under the ADEA, and, Alabama's version of the federal statute.

The entities named as defendants in the caption of the second amendment to the complaint are the same as those appearing in the captions of the original and first amendment:  *i.e.*, "Willis, Inc., & Willis of Birmingham, Inc., & Willis Corroon Corporation, Willis of North America, and any successors in interest."

---

[8] Federal Rule of Civil Procedure 20(a) provides in part that:

All persons may join in one action as plaintiffs if they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all these persons will arise in the action.

9

Again, however, the only entity specifically identified in the second amendment to the complaint is Willis of Birmingham, Inc.: "Defendant, Willis of Birmingham, Inc. (hereinafter referred to as 'Willis'), is an Alabama corporation doing business in Alabama." (*Id.* ¶ 13.)

Moreover, the copy of Virginia Roberts's EEOC charge attached to the second amendment to the complaint as Exhibit 2 avers that Willis of Birmingham, Inc. was her employer.

On the other hand, the EEOC charges of Ginger Edgar, JoAnn Connell, and Melanie Todd appended to the second amendment to the complaint as Exhibits 1, 3 and 4, respectively, aver that the former employer of those three plaintiffs was an entity that had never before been named in the caption of (much less described in the text of) any complaint: *i.e.*, "*Willis of Mobile, Inc.*"

Compounding this perplexity is the fact that, in the text of the "Second Amendment to Plaintiff's [sic] Complaint," plaintiffs Edgar, Connell, and Todd allege that their former employer was Willis of *Birmingham*, Inc., *not* Willis of *Mobile*, Inc. (*See id.* ¶¶ 18, 29, and 33.)[9]

**E.    Third Amendment to the Complaint**

On December 13, 2001, only three days after filing the "Second Amendment to Plaintiff's [sic] Complaint," plaintiffs filed a "Third Amendment to Plaintiff's [sic] Complaint," adding Willis of Mobile, Inc., and Willis Corroon Group PLC as defendants, and saying that "[t]hese defendants were inadvertently excluded when filing the Second Amendment to Plaintiff's [sic] Complaint. Additionally, ... [plaintiffs] Edgar, Connell and Todd were employed by Willis of Mobile, Inc. and Willis Corroom Group PLC." (Doc. no. 15, at 1-2.) The caption of that pleading named the following entities as defendants:  "Willis, Inc., & Willis of Birmingham, Inc., & Willis Corroon

---

[9]Note also that, even though these plaintiffs primarily employ the plural term "defendants" throughout their second amended complaint, they still use the singular "defendant" in paragraph 3, and make specific reference only to "Willis of Birmingham, Inc." and "Willis" — which paragraph 13 specifically states is an abbreviation for Willis of Birmingham, Inc. (*See* doc. no. 14 ("Second Amendment to Plaintiff's Complaint") ¶¶ 13, 18-19, 22-26, 29-31, 33.)

10

Corporation, Willis of North America, *Willis of Mobile, Inc.*, *Willis Corroon Group*, [sic: "PLC" omitted] and any successors in interest, *Defendant*." (*Id.*, at 1 (emphasis supplied).)

However, there is no statement in the so-called "Third Amendment to Plaintiff's [sic] Complaint" adopting by reference the allegations that had been stated by Edgar, Connell, and Todd against Willis of *Birmingham*, Inc. in the "Second Amendment to Plaintiff's [sic] Complaint." *See* Rule 10(c), Fed. R. Civ. P.

**F.    Willis of Birmingham, Inc. Answers Original Complaint**

On December 17, 2001, Willis of Birmingham, Inc. filed answers to the claims asserted by plaintiff Melinda Carroll in the original complaint (doc. no. 16), and, to the claims of plaintiffs Martha Hall and Brenda Hope in the first amendment to the complaint (doc. no. 17).

All defendants sought on December 27, 2001, and, were granted until January 4, 2002, to file responsive pleadings to plaintiffs' second and third amendments. (*See* doc. nos. 18 and 19.)

**G.    Motion to Dismiss Willis Corroon Group PLC**

"Willis Corroon Group plc" filed on January 4, 2002 a motion to dismiss any claims asserted against it, pursuant to Federal Rules of Civil Procedure 12(b)(2), (4), and (5). (*See* doc. no. 21.) Essentially, the movant alleged that plaintiffs had failed to allege jurisdictional facts, and, that there was an insufficiency of process. Indeed, there is no evidence in the file that the entity known as "Willis Corroon Group plc" — or, for that matter, Willis of Mobile, Inc., which also was named as a defendant in plaintiffs' third amendment to the complaint — were ever properly served with summons or copy of any complaint.

**H.    Second Motion to Dismiss Filed by Willis North America Inc.**

On January 4, 2002, "Willis North America Inc., formerly known as Willis Corroon

11

Corporation (hereinafter 'Willis North America Inc.')," filed a second motion to dismiss, directed to those claims asserted against it in plaintiffs' second amendment to the complaint. "Plaintiffs' Third Amendment to Plaintiff's Complaint requires no response from Willis North America Inc." (Doc. no. 20 ¶ 8, at 2.)

## I.    Willis of Mobile, Inc. Answers the Claims of Plaintiffs Connell, Edgar, and Todd

On the same date, January 4, 2002, Willis of Mobile, Inc. filed an answer to the claims of plaintiffs JoAnn Connell, Ginger Edgar, and Melanie Todd — allegedly the only plaintiffs that had been employed by Willis of Mobile, Inc. — to the claims asserted against it in the second and third amended complaints. (*See* doc. no. 22.)

## J.    Willis of Birmingham, Inc. Answers Second and Third Amended Complaints

Willis of Birmingham, Inc. also answered the claims asserted in plaintiffs' second and third amended complaints on January 4, 2002, saying in part:

> The introductory paragraph to Plaintiffs' Second Amendment to Plaintiff's Complaint seeks permissive joinder under Fed. R. Civ. P. 20 claiming that the four new Plaintiffs (Connell, Edgar, Roberts and Todd) assert claims that "arise out of the same occurrences, series of transactions, and facts common to the original three Plaintiffs' (Carroll, Hall and Hope) claims.["] Defendant denies this assertion. As stated in footnote 1, Plaintiffs Connell, Edgar and Todd were each employees of Willis of Mobile, Inc., a separate and distinct entity from Willis of Birmingham, Inc. Plaintiffs Carroll, Hall, Hope and Roberts were employees of Willis of Birmingham, Inc. The decision makers as to Willis of Birmingham, Inc. and Willis of Mobile, Inc. are completely different and their [sic] is no issue arising out of the same transaction, occurrence, or series of transactions or occurrences and no common question of fact as to the Mobile Plaintiffs and the Birmingham Plaintiffs. Claims of the various Plaintiffs vary factually and legally.

(Doc. no. 23, at 2.)

## K.    Fourth Amendment to the Complaint

Plaintiffs filed their fourth amendment to the complaint on January 4, 2002. It is entitled

"Amended Second Amendment to Plaintiff's [sic] Complaint" (doc. no. 24), because it is an amendment to an amendment: that is, it was intended to be an amendment to the second amendment to the complaint. The rub lies in the fact that the amendment to the second amendment did not correct — indeed, it contains exactly the same defects as — the original pleading discussed *supra* at § I.D.

## II. DISCUSSION

### A.    Motions to Dismiss Willis North America Inc.

"Willis North America Inc., formerly known as Willis Corroon Corporation," filed a motion on November 19, 2001, seeking the dismissal of those claims asserted against it in plaintiffs' original and first amendment to the complaint. (*See* doc. no. 10, and discussion at § I.C *supra*.) The same entity filed a second motion seeking the dismissal of those claims asserted against it in plaintiffs' second amendment to the complaint on January 4, 2002. (*See* doc. no. 20, and discussion at § I.H *supra*.)

While the captions appearing on plaintiffs' original, first, and second amendments to the complaint all name "Willis of North America" as a defendant, no claims are alleged against that entity in any complaint. Stated differently, the actual texts of the original, first, and second amended complaints specifically allege claims against *only* Willis of Birmingham, Inc. The text of the third amended complaint — which ineptly attempted to "[a]dd as additional defendants Willis of Mobile, Inc. and Willis Corroon Group, PLC" (doc. no. 15, at 2) — states no claims against any entity. (See discussion in §§ II.B and D *infra*.) The "Amended Second Amendment" (doc. no. 24) also fails to allege a claim against Willis North America Inc.

> [T]he caption of the complaint is not part of the statement of the claim under Rule 8. The caption is something apart, being mandated by a different rule: Fed. R. Civ. P. 10. The

13

caption is chiefly for the court's administrative convenience. It may, however, sometimes be useful to look at the caption — when the Rule 8 statement of a claim is ambiguous about a party's capacity — to settle pleading ambiguities.... To use the Rule 10 caption to create an ambiguity when the statement of the claim is itself not ambiguous is incorrect.

*Marsh v. Butler County*, 268 F.3d 1014, 1023 n.4 (11th Cir. 2001) (citations omitted).

Plaintiffs thus have not stated a claim against Willis North America Inc. upon which relief can be granted, and the motions to dismiss that entity as a defendant are due to be granted on that basis. *See* Fed. R. Civ. P. 12(b)(6).

**B.    Motion to Dismiss Willis Corroon Group PLC**

"Willis Corroon Group plc" moved to dismiss any claims asserted against it pursuant to Federal Rules of Civil Procedure 12(b)(2), (4), and (5). Essentially, movant alleges that plaintiffs failed to allege jurisdictional facts, and, that there is an insufficiency of process.

Indeed, there is no evidence in the file that the entity known as "Willis Corroon Group plc" (or Willis of Mobile, Inc., for that matter) was ever properly served with summons or copy of any complaint.

Willis Corroon Group plc also argues that "[p]laintiffs have failed to plead or allege any jurisdictional facts regarding Willis Corroon Group plc in the Complaint, First Amended Complaint, Second Amended Complaint or Third Amended Complaint. The complete absence of any factual allegations establishing Willis Corroon Group plc's contacts with the State of Alabama requires its dismissal from this action for lack of personal jurisdiction." (Doc. no. 21 ¶ 8, at 2.)

Plaintiffs' third amendment to the complaint seeks to "[a]dd as additional defendants Willis of Mobile, Inc., and Willis Corroon Group, PLC," saying that "[t]hese defendants were inadvertently excluded when filing the Second Amendment to Plaintiff's [sic] Complaint. Additionally, ... [plaintiffs] Edgar, Connell and Todd were employed by Willis of Mobile, Inc. and Willis Corroon

14

Group PLC." (Doc. no. 15, at 1-2.) However, plaintiffs failed to adopt by reference any claims asserted by those plaintiffs in the second amended complaint.

Thus, the only factual allegation stated against "Willis Corroon Group, PLC" — or Willis of Mobile, Inc., for that matter — is that it employed plaintiffs Ginger Edgar, JoAnn Connell, and Melanie Todd. Obviously, that does not state a claim upon which relief can be granted, and the motion to dismiss accordingly is due to be granted on that basis. *See* Rule 12(b)(6), Fed. R. Civ. P.

## C.    Motion to Strike Plaintiffs' Fourth Amendment to the Complaint

Willis of Birmingham, Inc. and Willis of Mobile, Inc. have moved to strike plaintiffs' fourth amendment to the complaint — the so-called "Amended Second Amendment to Plaintiff's [sic] Complaint" — for failure to comply with Rule 15(a) or, in the alternative, to dismiss pursuant to Rule 12(b)(3) (*see* doc. no. 31). Clearly, the motion is due to be granted on the first ground mentioned.

Indeed, the chief problem with the fourth amendment to the complaint lies in plaintiffs' failure to seek permission of this court to file it. As noted in the discussion of the procedural history, "Willis North America Inc., formerly known as Willis Corroon Corporation," filed a motion to dismiss the claims asserted by plaintiffs Carroll, Hall, and Hope in the original and first amended complaint on November 19, 2001. Willis of Birmingham, Inc. answered the claims asserted in the original and first amended complaint on December 17, 2001. "Willis Corroon Group plc" moved to dismiss any claims asserted against it in any complaint on January 4, 2002. Finally, on January 4, 2002, both Willis of Mobile, Inc. and Willis of Birmingham, Inc. answered the claims asserted against each in plaintiffs' second and third amended complaints. As a consequence, plaintiffs were not at liberty to file their fourth amended complaint without leave of this court or written consent

of opposing counsel.

> A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served. *Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party*; and leave shall be freely given when justice so requires.  A party shall plead in response to an amended pleading within the time remaining for response to the original pleading or within 10 days after service of the amended pleading, whichever period may be the longer, unless the court otherwise orders.

Rule 15(a), Fed. R. Civ. P. (emphasis supplied).

### D.     Motion to Dismiss on Grounds of Improper Venue or, in the Alternative, to Transfer to the Southern District of Alabama

Willis of Mobile, Inc. has moved to dismiss all claims asserted against it by plaintiffs JoAnn Connell, Ginger Edgar, and Melanie Todd in plaintiffs' second and third amendments to the complaint, pursuant to Rule 12(b)(3)[10] and 28 U.S.C. § 1406(a)[11] or, in the alternative, to transfer such claims to the Southern District of Alabama pursuant to 28 U.S.C. §§ 1404(a),[12] 1406(a),[13] on grounds of forum *non conveniens*.  (*See* doc. no. 27; *see also* memorandum in support of Willis of Mobile, Inc.'s motion ¶ 14, at 5.)

Plaintiffs have not properly pleaded claims against Willis of Mobile, Inc.  As previously

---

[10]Federal Rule of Civil Procedure 12(b)(3) provides that "the following defenses may at the option of the pleader be made by motion:  ... (3) improper venue ...."

[11]28 U.S.C. § 1406, pertaining to the "Cure or waiver of defects," provides in subsection (a):

> The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

[12]28 U.S.C. § 1404, pertaining to "Change of venue," provides in subsection (a):

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

[13]*See supra* note 3.

16

discussed in §§ I.D and II.B *supra*, the only entity specifically identified in the second amendment to the complaint is "Willis of Birmingham, Inc. (hereinafter referred to as 'Willis')." (Doc. no. 14 ¶ 13.) Moreover, plaintiffs JoAnn Connell, Ginger Edgar, and Melanie Todd alleged that each had been employed by Willis of *Birmingham*, Inc., *not* Willis of *Mobile*, Inc. (See id. ¶¶ 18, 29, and 33.) When plaintiffs awoke to their error, they filed their third amendment to the complaint, adding the names "Willis of Mobile, Inc. [and] Willis Corroon Group" to the list of defendants contained in the *caption* of the complaint (*see* discussion at § I.E *supra*). However, Connell, Edgar, and Todd failed to (1) adopt the allegations asserted against (albeit incorrectly) Willis of *Birmingham*, Inc. in the second amendment to the complaint, and (2) to clarify that such allegations were asserted against Willis of *Mobile*, Inc. *See* Rule 10(c), Fed. R. Civ. P. As a result, the only "claim" stated against either of the additional defendants is that "Edgar, Connell and Todd were employed by Willis of Mobile, Inc. and Willis Corroon Group PLC." (Doc. no. 15, at 2.)

Despite the ineptitude of their counsel, plaintiffs Connell, Edgar, and Todd may have valid claims against Willis of Mobile, Inc. and, possibly, Willis Corroon Group plc, although no party has explained the relationship (if any) between the latter entity and any of the plaintiffs' former employers.

It is clear from undisputed evidence in this file, however, that there is no commonality between the claims of plaintiffs Connell, Edgar, and Todd, on the one hand, and the claims of all other plaintiffs on the other. Further, it is equally clear that the claims of Connell, Edgar, and Todd against Willis of Mobile, Inc. should be addressed in the Southern District of Alabama. Under normal pleading circumstances, this court would grant the alternative aspect of the subject motion, and transfer the claims of those plaintiffs pursuant to 28 U.S.C. §§ 1404(a), 1406(a). Here, however,

17

as discussed above, there is nothing to transfer, because plaintiffs' counsel have not adequately pled claims against the movant. Consequently, in the interest of justice, and to prevent problems that might arise from failure to comply with any applicable statutes of limitation, the order that shall be entered contemporaneously with this opinion will allow plaintiffs Connell, Edgar, and Todd to file an appropriate, but carefully crafted restatement of their claims.

**E.     Motion to Sever Under Rule 21 or, in the Alternative, for Separate Trials Under Rule 42(b)**

It clearly appears from the undisputed assertions contained in this motion that the claims of the original plaintiff, Melinda Carroll, should — at the very least — be severed from those of plaintiffs Martha Hall, Brenda Hope, and Virginia Roberts, for separate trial. As counsel for defendants have stated,

> Carroll's various and sundry claims lack any significant similarity with the claims of any other Birmingham Plaintiff beyond the fact that Carroll, Hall, Hope and Roberts were each employed by Willis of Birmingham, Inc. The Birmingham Plaintiffs held a variety of positions at Willis of Birmingham, Inc. over different dates of employment, although some overlap did occur, and several of the Birmingham Plaintiffs did not have the same immediate supervisor.

(Doc. no. 28 ¶ 14, at 5.)

This court raises a question on its own, however, and that is: Why should the claims of all four plaintiffs not be pleaded in separate actions? In the order to be entered contemporaneously herewith, counsel for plaintiffs shall be allowed time to address this issue.

Done this __30th__ day of January, 2002.

_____
United States District Judge

18